UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| In re: | : | |
| ADVANCED ELECTRONICS, INC., | : | Case No. 05-21735REF |
| Debtor | : | Chapter 11 |
| | : | |

---

| | | |
|---|---|---|
| JOHN H. DORAN, Esquire, Chapter 11 Trustee, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv No. 05-2102 |
| | : | |
| LYCO COMPUTER MARKETING & CONSULTANTS, INC., PHILLIP ALAN COURTRIGHT and PATRICIA S. COURTRIGHT, | : | |
| Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| MARK W. REEDER and KIMBERLY A. REEDER, | : | |
| Third Party Defendants | : | |

O R D E R

AND NOW, this 12 day of September, 2006, upon my consideration of Defendants' Motion for Reconsideration[1] of the Order entered on January 30, 2006, granting Plaintiff's Motion for Contempt,[2] the Response thereto filed by Plaintiff, the briefs filed by the parties, and after hearing held on March 23, 2006,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration is

---

[1] This Motion, although captioned as a "Motion for Reconsideration" was improperly docketed as an "Amended Motion."

[2] My predecessor, the Honorable Thomas M. Twardowski, decided Plaintiff's Motion for Contempt through the Order entered on January 30, 2006. Judge Twardowski retired from the bench on February 5, 2006, and I was appointed to be his successor as the United States Bankruptcy Judge assigned to the Reading Division of this Court on February 14, 2006.

hereby GRANTED and the January 30, 2006 Order granting Plaintiff's Motion for Contempt is

hereby VACATED because I find that the terms of the Order entered on March 10, 1998 by the

Honorable James F. McClure, Jr, United States District Judge for the Middle District of

Pennsylvania,[3] remained in effect only during the pendency of the appeal before the United

---

[3] On July 29, 1996, the late Honorable Robert J. Woodside, United States Bankruptcy Judge for the Middle District of Pennsylvania, entered an Order granting judgment in favor of the Plaintiff, Trustee John H. Doran, Esquire, and against the Defendants, Lyco Computer Marketing & Consultants, Inc., Philip A. Courtright and Patricia S. Courtright, in the total amount of $1,430,231.66, in an adversary proceeding docketed to 1-93-00362A. The Defendants appealed this Order to the United States District Court for the Middle District of Pennsylvania on August 7, 1996, and filed a motion for stay and supersedeas pending appeal with the Bankruptcy Court on August 8, 2006. The parties resolved Defendants' motion for stay and supersedeas pending appeal by entering into a Consent Order, which was approved and signed by Judge Woodside on October 23, 1996. The October 23, 1996 Consent Order required that the Defendants, in lieu of posting a supersedeas bond, deposit their stock certificates and any other indicia of ownership in Marvier Advertising Co. ("Marvier") and 2595 Lycoming Creek, Inc. ("Lycoming") with the United States Marshal to be held in trust and as security for the benefit of the Plaintiff during the pendency of the appeal. The October 23, 1996 Consent Order also enjoined the Defendants from transferring, conveying, negotiating, assigning, encumbering, disposing, or otherwise diminishing the value of the shares of Marvier and Lycoming, and any property owned by Marvier and Lycoming, and required that the Defendants take all steps necessary to preserve the value of such property.

On October 17, 1997, an Order was entered by the United States District Court for the Middle District of Pennsylvania affirming Judge Woodside's July 29, 1996 Order. On November 7, 1997, the Defendants filed a Notice of Appeal of this decision to the United States Court of Appeals for the Third Circuit. The Defendants thereafter filed a motion with the District Court for a stay and supersedeas pending appeal. This motion was granted in an Order entered on March 10, 1998 by the Honorable James F. McClure, Jr., United States District Judge for the Middle District of Pennsylvania, which Order directed that "the terms and conditions of the consent order entered by the bankruptcy court on October 23, 1996, shall continue in effect during the pendency of the appeal of this case before the Court of Appeals for the Third Circuit." March 10, 1998 District Court Order, at p.3, ¶2. On October 12, 1999, the Third Circuit affirmed the October 17, 1997 District Court Order affirming the July 29, 1996 Bankruptcy Court Order.

After the Third Circuit affirmed the District Court Order on October 12, 1999, the Plaintiff neither requested that the United States Marshal transfer the stock certificates in Marvier and Lycoming to him nor took any other action to enforce the March 10, 1998 District Court Order. More than six years later, however, on October 24, 2005, Plaintiff filed the Motion for Contempt which was granted by Judge Twardowski in the Order entered on January 30, 2006, which Order is now the subject of Defendants' Motion for Reconsideration. All of the activity, conduct, and proceedings that form the basis of Plaintiff's Motion for Contempt, however, occurred after the entry of the October 12, 1999 Order by the Third Circuit, and cannot provide grounds to support Plaintiff's Motion for Contempt. The Motion for Contempt contends that Defendants violated the terms of the March 10, 1998 District Court Order, but the March 10, 1998 District Court Order was not in effect at the time the activity, conduct and proceedings complained of in the Motion for Contempt occurred. For this reason, I enter this Order

States Court of Appeals for the Third Circuit.  See March 10, 1998 Order entered by Judge McClure, at p.3, ¶2, which states, "The terms and conditions of the consent order entered by the bankruptcy court on October 23, 1996, shall continue in full force and effect during the pendency of the appeal of this case before the Court of Appeals for the Third Circuit."

       IT IS FURTHER ORDERED that, upon reconsideration, Plaintiff's Motion for Contempt is DENIED.

                                                              BY THE COURT

                                                             RICHARD E. FEHLING
                                                             United States Bankruptcy Judge

---

granting Defendants' Motion for Reconsideration, vacating Judge Twardowski's January 30, 2006 Order, and, upon reconsideration, denying Plaintiff's Motion for Contempt.

      Finally, I note that my decision today determining that the March 10, 1998 District Court Order terminated upon the conclusion of the appeal before the Third Circuit is consistent not only with the express terms of the March 10, 1998 District Court Order, but also with the well established principle that after a judgment is appealed, jurisdiction over the case passes to the appellate court.  "The filing of a notice of appeal generally divests the lower court of jurisdiction over the matter appealed."  McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982).  One exception to this rule is found in Fed. R. Civ. P. 62(c), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7062, and which codifies the general rule that recognizes the power inherent in a court to preserve the status quo pending an appeal.  Rule 62(c), however, does not restore jurisdiction to the lower court to re-adjudicate the merits of the case, or to create new substantive rights in the parties, after an appeal has been filed and jurisdiction has passed to an appellate court.  Id. Accordingly, while the District Court had authority under Rule 62(c) to enter the March 10, 1998 Order to preserve the status quo during the pendency of the appeal to the Third Circuit, the March 10, 1998 Order did not, and could not, create new substantive rights in either party that would last indefinitely.  I therefore find that the March 10, 1998 Order did not create new substantive rights in either party, but instead, terminated by its express terms upon the conclusion of the appeal.   Accordingly, I enter this Order today granting Defendants' Motion for Reconsideration, vacating Judge Twardowski's January 30, 2006 Order granting Plaintiff's Motion for Contempt, and upon reconsideration, denying Plaintiff's Motion for Contempt.